## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

OSTRIDER LIMITED,

                    Petitioner,

        v.                                          C.A. No.  23-1405-LPS

PDVSA PETROLEO S.A.,

                    Respondent.

## [PROPOSED] JUDGMENT

**WHEREAS**, on December 7, 2023, the petitioner/plaintiff in the above-captioned action ("Petitioner/Plaintiff") filed a Petition to Recognize, Confirm, and Enforce Foreign Arbitration Award ("Petition"), seeking to confirm and recognize a foreign arbitral award and to enter a judgment against Respondent/Defendant PDVSA Petroleo S.A. ("PDVSA S.A."). (D.I. 1 at 1)

**WHEREAS**, on December 20, 2023, Petitioner/Plaintiff filed a motion to expedite consideration of the Petition. (D.I. 5 at 2)

**WHEREAS**, on December 26, 2023, Petitioner/Plaintiff filed an affidavit of service relating to the Petition, stating that service of notice was made upon PDVSA S.A. between December 15 and December 21, 2023. (D.I. 7 at 3-4)

**WHEREAS**, on January 2, 2024, Petitioner/Plaintiff filed a status report, indicating it had "invited counsel for" Petroleos de Venezuela S.A. ("PDVSA") and PDVSA S.A. "in related matters to have a meet and confer," but "counsel did not respond to [the] request to meet and confer, other than with the non-responsive communications . . . that they did not represent PDVSA [S.A.]" in the above-captioned actions. (D.I. 8 at 1) Petitioner/Plaintiff noted that counsel had

{00037929. }

"appeared for both" PDVSA and PDVSA S.A. in at least three other actions before the Court. (*Id.* at 1-2)

**WHEREAS**, on January 4, 2024, Petitioner/Plaintiff filed a "certification of no objection," requesting that the Court grant the Petition as unopposed. (D.I. 9 at 3)

**WHEREAS**, on January 5, 2024, the Court ordered PDVSA S.A. to show cause as to why the Court should not grant the Petition as unopposed, by filing a letter no later than January 12, 2024. (D.I. 10 at 3) The Court also ordered Petitioner/Plaintiff to serve the order to show cause upon PDVSA S.A. in a manner consistent with Federal Rules of Civil Procedure. (Id. at 2)

**WHEREAS**, on January 9, 2024, Petitioner/Plaintiff filed an affidavit of service, stating that service of the order to show cause was made upon PDVSA S.A. between January 5 and January 9, 2024. (D.I. 12 at 2-4)

**WHEREAS**, PDVSA S.A. has not appeared in the above-captioned action, has not filed the letter pursuant to the order to show cause issued by the Court on January 5, 2024, and has not otherwise opposed the Petitions.

**WHEREAS**, the Court (Stark, L.) having rendered a Memorandum Order on the Petition and Motion to expedite consideration of the Petition dated and entered January 18, 2024 (the "Memorandum Order") (D.I. 19), granting Petitioner's Petition as unopposed, denying the motion to expedite consideration of the Petition as moot and directing the submission of a proposed judgment.

**WHEREAS**, this Court has jurisdiction over this matter and over Respondent/Defendant PDVSA S.A. pursuant to 9 U.S.C. § 203, 9 U.S.C. §§ 1, *et seq.*, 9 U.S.C. §§ 201, *et seq.*, and 28 U.S.C. 1333; and

**WHEREAS**, having considered the showing in the Petition, the Declaration in support thereof (D.I. 3) and supporting exhibits, this Court concludes Petitioner/Plaintiff has established its right to relief pursuant to 9 U.S.C. § 207 and none of the enumerated defenses in 9 U.S.C. §§ 10-11 are available.

**IT IS THEREFORE ORDERED, ADJUGED AND DECLARED THAT:**

1.      The pecuniary obligations of the First Partial Award and Addendum to First Partial Award (D.I. 3, Exhibits A-B) issued in favor of Ostrider Limited and against PDVSA, S.A., pursuant to the United Kingdom Arbitration Act, enforceable in the United States under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, T.I.A.S. No. 6997, 330 U.N.T.S. 38 (the "New York Convention"), as codified and applied by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, *et seq.,* and 9 U.S.C. §§ 201, *et seq.,* is recognized, confirmed, entered and recorded as a judgment by the Clerk of the Court in the same manner, force and effect as if the First Partial Award and Addendum to First Partial Award were final judgments of a court of general jurisdiction of the United States;

2.      In accordance with the First Partial Award and Addendum to First Partial Award, Petitioner/Plaintiff is entitled to the sum of:

a.      US$ 2,204,615.77 as the principal amount awarded by the Arbitrator under the First Partial Award (D.I. 3, Exhibit A); and

b.      Post-award interest on the principal amount of US$ 2,204,615.77 at a rate of 5% per annum, compounded every 3 months running from the date of the First Partial Award on April 14, 2023, until the date of the payment, which as of

January 22, 2024 (inclusive) amounts to US$ 86,919.52,

pursuant to the Addendum to First Partial Award (D.I. 3,

Exhibit B).


Dated:  January ___, 2024
        Wilmington, Delaware

_____
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT